UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MANDINGO HAYES,

        Plaintiff,

    v.

DEDRICK RILEY, et al.,

        Defendants.

Case No.  20-cv-04283-VC

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

Re: Dkt. No. 9

       Mandigo Hayes sued Officer Dedrick Riley and the City of Richmond under 42 U.S.C. § 1983 for violations of the First and Fourth Amendment. The complaint alleges that Officer Riley beat Hayes with a baton after Hayes used his cell phone to record Officer Riley attempting to tow Hayes' car, and that Officer Riley has engaged in three prior acts of violent misconduct. The complaint further alleges that the City of Richmond has "a history of retaining and protecting officers" who are violent criminals, as evidenced by Officer Riley's continued service on the force and by the City's treatment of another police officer (Officer Wang) who was allegedly associated with a drug cartel. The City has filed a motion to dismiss, arguing that Hayes failed to plead sufficient facts to state a claim for municipal liability. The motion is granted, but with leave to amend.

       A local government can be held liable under section 1983 for the actions of its employees under three possible theories: (1) the government had an unconstitutional policy or custom; (2) the government's failure to train or failure to investigate and discipline its employees showed deliberate indifference to the plaintiff's constitutional rights; and (3) an employee with final policy making authority committed the constitutional violation or ratified the unconstitutional actions of a subordinate. *See Rodriguez v. County of Los Angeles*, 891 F.3d 776, 802-03 (9th Cir.

2018).

The complaint makes passing reference to the City having "ratified" Officer Riley's alleged attack on Hayes but does not provide any further factual allegations supporting these conclusory statements. Moreover, Hayes appears to abandon any claims of ratification in his opposition to the motion to dismiss, arguing only that the complaint sufficiently alleges that the City's failure to enact certain policies and failure to investigate and discipline its employees caused his injuries.

The complaint also does not allege facts supporting a failure to train theory. "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (quotation omitted). Only when a city is on "actual or constructive notice that a particular omission in [its] training program causes city employees to violate citizens' constitutional rights" can the city "be deemed deliberately indifferent." *Id.* at 61. The case law is admittedly unclear as to how many prior incidents—and how alike they must be—suffice to allege a pattern of similar constitutional violations. *See Gonzalez v. County of Merced*, 289 F.Supp.3d 1094, 1099 (E.D. Cal. 2017). However, the complaint focuses almost entirely on the actions of Officer Riley, and it is clear that "evidence of the failure to train a single officer is insufficient to establish a municipality's deliberate policy." *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007). The complaint's allegations relating to Officer Wang and the city's decision to place him on administrative leave do not cure these deficiencies. To survive a motion to dismiss, a claim of deliberate indifference based on a city's failure to train requires more information about prior instances of officer misconduct, what those incidents entailed, what the city knew (or should have known) about the incidents, and what training protocols could have been implemented to prevent similar incidents from reoccurring. *See Hyun Ju Park v. City & County of Honolulu*, 952 F.3d 1136, 1142-43 (9th Cir. 2020).

Relatedly, the complaint's hodge-podge of failure to train theories is not sufficiently precise. The complaint alleges that the city failed to train officers in a way that violated a range

of constitutional rights, including, among others, the right to be free from excessive force, the right to timely access to medical care, and the right to film police officers who are interacting with the public. The nature of these rights varies widely—as does the training that could prevent their violations—but the complaint does not include allegations relating to each of them. For example, there are no allegations at all about any officer failing to provide timely access to medical care. Because a claim of deliberate indifference based on a city's failure to train requires a "pattern of similar constitutional violations" that would put a city "on notice that specific training was necessary to avoid this constitutional violation," allegations specific to each alleged constitutional violation are necessary. *Connick*, 563 U.S. at 62-63. Put differently, Hayes cannot rely solely on allegations that officers violated one constitutional right (such as the right to be free from excessive force) to show that the city was on notice that officers were violating a separate and distinct constitutional right (such as the right to timely medical care or the right to film police officers).

Viewing the complaint as a whole, Hayes appears primarily to be attempting to allege municipal liability based on the City's failure to discipline Officer Riley for prior acts of misconduct. Hayes comes closer to stating a claim under this theory of municipal liability. Unlike a failure to train claim, "the Ninth Circuit has accepted that the actions of a single officer might be enough to support" a failure to discipline claim. *Milke v. City of Phoenix*, 2016 WL 5339693, at *16 (D. Ariz. Jan. 8, 2016). For example, the Ninth Circuit has held that a district court abused its discretion by excluding all evidence related to prior complaints about and investigations into one officer's conduct because the exclusion "entirely prevented [the plaintiff] from developing a potentially meritorious *Monell* claim" and the evidence of that one officer's history was "critical" to this claim. *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1028 (9th Cir. 2015). For that reason, allegations that a city "repeatedly refused, or failed to take appropriate corrective action against [one officer]" when that officer has "numerous incidents of misconduct" may form the basis for liability against the city employing that officer. *Haflich v. McLeod*, 2010 WL 5665043, at *4 (D. Mont. Dec. 29, 2010).

The City, invoking the Supreme Court's ruling in *Connick*, asserts that the complaint's allegations about Officer Riley's prior acts of misconduct (and the City's failure to discipline him for that misconduct) cannot give rise to a failure to discipline claim because the prior acts are different from one another, and different from the alleged misconduct in this case. As an initial matter, the alleged incidents are not that different. The complaint alleges that Officer Riley previously beat up a suspected drug offender while the suspect was handcuffed and failed to report it; beat a homeless man with his baton and then lied about doing so; and punched a neighbor in the face while off duty (but after brandishing his semi-automatic handgun and police badge). With respect to the present incident, the complaint alleges that Officer Riley beat Hayes with his baton in retaliation for him exercising his First Amendment rights to film Officer Riley while Riley attempted to tow Hayes' car. The alleged uses of force are quite similar.

But more importantly, the City is wrong to invoke *Connick* in this context. In *Connick*, the Court held that four reversals of convictions over the course of a decade on grounds that prosecutors committed Brady violations could not support a failure to train claim based on a later Brady violation because the prior violations were not similar to the later one. *Connick*, 563 U.S. at 62-63. But the prior violations in *Connick* were committed by different actors in different contexts, and were being used to advance an office-wide failure to train theory. The Court did not address a situation where, like here, past constitutional violations were allegedly committed by the same officer in the context of a failure to discipline claim. If the same officer repeatedly violates the constitutional rights of a city's residents, and the city is on notice of these violations and fails to properly discipline the officer, by definition the city is deliberately indifferent to the likelihood that the officer will continue to commit constitutional violations in the future. *See Milke*, 2016 WL 5339693, at *16; *Haflich*, 2010 WL 5665043, at *4. In a case like that, it typically will not matter whether the prior acts of misconduct were similar or different. Accordingly, even putting aside the differences between a prosecutor's office and a police

department, the logic of *Connick* does not apply to Hayes's failure to discipline claim.[1]

Nonetheless, the complaint still fails to state a claim for municipal liability based on the City's failure to discipline Officer Riley. First, the allegations of his prior acts of misconduct are sometimes vague. Second, the complaint makes even more vague references to prior efforts by the City to discipline Officer Riley. Depending on the facts, these efforts could undercut a claim for failure to discipline.

Hayes' complaint is thus dismissed with leave to amend. Any amended complaint should be filed within 21 days of this order. Responses are due 21 days after the filing of the amended complaint.

**IT IS SO ORDERED.**

Dated: September 30, 2020

_____
VINCE CHHABRIA
United States District Judge

---

[1] Indeed, it seems doubtful that the Court would have reached the same result in *Connick* if the very prosecutor responsible for committing the Brady violation had seen multiple prior convictions reversed for Brady violations, and if the office had done nothing to discipline that prosecutor.